114 So.2d 314 (1959)
Francis P. DRISCOLL, Appellant,
v.
Lillie B. MORRIS and Harry C. Morris, Appellees.
No. 58-556.
District Court of Appeal of Florida. Third District.
August 13, 1959.
Rehearing Denied September 15, 1959.
*315 Sams, Anderson, Eaton & Alper, and Phillip Goldman, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellees.
HORTON, Chief Judge.
The appellant, plaintiff below, appeals from a judgment in an action for personal injuries entered upon a jury verdict in favor of the appellee-defendants.
The plaintiff was a guest in an automobile which collided with another automobile driven by the defendant Lillie B. Morris and owned by her husband, the defendant Harry C. Morris. The plaintiff did not bring an action against his host but limited his claim to the alleged negligent acts of the defendants.
The plaintiff in this appeal relies upon two alleged errors committed by the trial judge which he contends require a reversal of the judgment. The plaintiff's first ground for reversal is that the trial judge committed harmful error by admitting in evidence, over the plaintiff's objections, a portion of the City of Miami traffic code relating to excessive speed, when there was no evidence that the vehicle in which the plaintiff was a passenger was speeding. The second ground for reversal is that the trial court committed harmful error in refusing to allow rebuttal testimony by the plaintiff in the form of a deposition, which deposition would have refuted the defendant wife's testimony that she had stopped for a stop sign at the intersection. The plaintiff makes no claim that the verdict is not supported by the evidence.
In considering the errors complained of, we will discuss the second one first.
The plaintiff's case-in-chief as to liability consisted of the testimony of the plaintiff, the host driver, and a police officer. The gist of this testimony was that the defendant came out of a side street at a high rate of speed and collided with the automobile in which plaintiff was riding, notwithstanding the fact that the street on which the defendant was operating the vehicle was governed by a stop sign. There was no direct testimony by any of the plaintiff's witnesses that the defendant's automobile had failed to obey the stop sign, although such inference may have been drawn by the jury from testimony relative to a high rate of speed.
After the plaintiff rested his case, both of the defendants testified that their automobile had made a complete stop before entering the intersection. At the conclusion of the defendants' case, the plaintiff attempted to offer in evidence the deposition of one Rose Hough, a resident of Dade County, Florida, who had not theretofore been placed under subpoena as a witness in the cause. The deposition of Rose Hough, as explained by the plaintiff, was offered to show that the defendant did not stop before entering the intersection. The defendant objected to its admission in evidence on two principal grounds, i.e., (1) that the proffered deposition related to matters material to the plaintiff's case-in-chief; and (2) that no showing was made that the deponent could not appear in person as a witness at the trial. Florida Rules of Civil Procedure, 1.21(d) (3) 3, 30 F.S.A. The trial judge, without giving any reasons except that such testimony was a part of the plaintiff's case-in-chief, refused to allow the use of the deposition.
Generally speaking, rebuttal testimony which is offered by the plaintiff is directed to new matter brought out by evidence of the defendant and does not consist of testimony which should have properly been submitted by the plaintiff in his case-in-chief. It is not the purpose of rebuttal testimony to add additional facts to those submitted by the plaintiff in his case-in-chief unless such additional facts are required by the new matter developed by the defendant. If the proffered evidence appears to be cumulative rather than rebuttal, it is within the sound discretion of the trial judge to allow *316 its admission and the exercise of this discretion will not be disturbed on appeal unless it appears to so prejudice the result as to indicate an abuse of discretion. See 88 C.J.S. Trial §§ 101-103; 53 Am.Jur., Trial, §§ 120, 121; 2 Conrad, Modern Trial Evidence, § 1221; 4 Jones, Evidence (5th Ed.) §§ 892-94. This rule has been recognized in the Florida decisions of Jacksonville T. & K.W. Ry. Co. v. Peninsular Land, Transp. & Mfg. Co., 27 Fla. 157, 9 So. 661, 688, 17 L.R.A. 33, 65; and Johnson v. Rhodes, 62 Fla. 220, 56 So. 439, 443.
In the instant case, it appears that evidence tending to prove the defendant failed to stop before entering the intersection would be properly a part of the plaintiff's case-in-chief. Certainly, an inference of failure to obey the stop sign could be made upon the plaintiff's testimony as to the speed of the defendant's automobile. Upon the state of the record, had the trial judge ruled otherwise, we could not say with any degree of certainty that such would have been an abuse of discretion. Likewise, no evidence, outside the deposition itself, was proffered to show that the deponent was unable to attend in person as a witness before the court, a duty we conclude that was upon the plaintiff. No clear showing of abuse having been made to appear, we conclude that the trial judge did not commit harmful error in excluding the deposition.
On the remaining point, the plaintiff urges reversible error by the trial judge in the admission into evidence of a portion of the traffic code of the City of Miami (Sec. 48, Art. IV, Chapt. 55) pertaining to speed. The portion of the code that was admitted reads as follows:
"Speed not to be greater than reasonable. It shall be unlawful for any person to drive a vehicle on any street or highway in the city at a speed greater than that which is reasonable and prudent under the conditions then and there existing."
The plaintiff urges that there is no evidence as to excessive speed of the automobile, in which he was riding, to justify the admission into evidence of the aforementioned portion of the traffic code. Inasmuch as that portion of the code in question does not make a specific speed the criteria of an unlawful act, but speed greater than is reasonable and prudent under the conditions existing, we do not think the trial judge committed harmful error in admitting it. The jury was free to reject the application of the code, just as it was free to reject any other evidence or testimony offered.
Accordingly, the judgment appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.