ALLEN, Acting Chief Judge.
This is an appeal by the plaintiffs below, Marion M. Weber and Ruth H. Tripp, from a final decree in which the trial judge held:
“1. That the equities of the cause are with the defendants and against the plaintiffs.
“2. That any default under the contract for sale between the plaintiffs, Marion M. Weber and Ruth H. Tripp, and the defendant A. Ray Berry was caused by the plaintiffs, Marion M. Weber and Ruth H. Tripp, and not by said defendants.
“3. That the plaintiffs, Marion M. Weber and Ruth H. Tripp, are not entitled to the return of the $1,000.00 earnest money deposit placed with the defendant, Ames Green and Company, Inc.
“4. That the defendants, A. Ray Berry and Ames Green and Company, Inc., are entitled to retain the $1,000.00 earnest money deposited by the plaintiffs.
* * * * * * .
“6. That defendant, E. B. Goley, performed services consisting of cer *328 tain painting to the extent of $535.00 with respect to the property here involved but said services did not constitute ‘a permanent improvement’ to the property; that said services were performed at the request of plaintiffs, Marion M. Weber and Ruth E. Tripp, and not at the request of defendants, Ames Green and Company, Inc. and A. Ray Berry, or either of them and the said defendants are not liable therefor.”
The court further ordered that E. B. Goley be awarded a judgment against plaintiffs, Marion M. Weber and Ruth H. Tripp in the sum of $535.
We read all of the testimony adduced in the record and conclude that the lower court was correct in his findings in this case.
Appellants on June 1, 1959, contracted in writing with appellee Berry to purchase certain real property owned by him and deposited the sum of $1,000 as an earnest money deposit with the negotiating broker, appellee Ames Green and Company, Inc. The sale was to encompass the lot, house, and furniture owned by appellee Berry. The contract provided that appellants were to obtain a first mortgage of $6,500 with Berry agreeing to take a second mortgage in the amount of $1,500. The balance of $1,500 was to be paid in cash at the closing of the transaction. The contract stated that in -the event the first mortgage could not be obtained the deposit money was to be returned to the buyers and the contract rendered null and void. It further provided that should the title prove defective the seller was to have a reasonable time after due notice of such defect or defects to remedy the title or to furnish a title insurance policy which would protect the interests of the purchasers. The appellants requested and received permission to enter ■the property prior to the closing of the transaction and proceeded to take possession approximately June 25, 1959. The house was discovered to be infested with termites, and appellants received an estimate of $150 to $175 to eradicate them and repair the damage done by them.
Appellants negotiated with the St. Peters-burg Federal Savings and Loan Association concerning the first mortgage and received approval of it, conditioned upon a finding that the title was merchantable and further upon an agreement to set aside certain funds to paint the premises. Arrangements were made to have the painting accomplished, and appellee Goley proceeded to paint the house and accomplish certain minor repairs. Plis total bill amounted to $535.
The attorney for the mentioned bank deemed the title to the property to be un-merchantable because of an abortive attempt by a former owner to create a joint estate with right of survivorship between herself and A. Ray Berry. Upon the death of the former owner, her will provided for various dispositions of her property, and these transactions were deemed by the attorney for the bank to render the title questionable.
Appellants surrendered possession of the property on July 24, 1959, and demanded return of the $1,000 they had posted as an earnest money deposit with appellee Ames Green and Company, Inc. Their request was refused, and appellants thereupon filed a bill of complaint for declaratory decree and other relief. Answers were filed by separate counsel for each of the appellees and issue was joined.
On March 7, 1960, appellants served notice that their personal depositions were to be taken on March 21, 1960, in Chicago, Illinois. Appellants, during the interim, had removed themselves to this location. On March 11, 1960, and on March 18, 1960, objections were filed by counsel for ap-pellees to the taking of such depositions. Appellants proceeded to have their depositions recorded; none of the appellees attended the deposition hearing nor was any ruling or notice of hearing on the objections scheduled or requested by any party to the cause. On April 6, 1960, notice of *329 filing the depositions was served upon ap-pellees, and on Aprihl8, 1960, a motion to suppress them was filed by appellee Berry. At the final hearing, after argument on the motion, the court held the depositions to be inadmissible. The appellants elected to proceed with their case at that time and did so. At the conclusion of appellants’ case, all appellees moved that the cause be dismissed. Prior to argument on this motion, counsel for appellee Goley requested that the court retain jurisdiction for the purpose of adjudicating his rights as against appellants.
A procedural question arose in this case when the depositions of the two plaintiffs were offered in evidence. The trial judge ruled against the admissibility of the depositions and also suppressed the depositions. We shall not discuss the correctness vel non of the lower court’s ruling on the motion to suppress since we shall hold the plaintiffs had not shown their right to use the depositions at the trial of this cause. The plaintiffs brought this complaint while residing in Pinellas County. Subsequently they moved to Chicago and their depositions were taken in Chicago. The attorney for the appellants argues that the court should take judicial notice that Chicago is more than 100 miles from Pinellas County, where the action was tried. The depositions were naturally taken prior'to the trial of the case and there was no evidence before the court that the plaintiffs “were more than 100 miles away” at the time of the trial.
Florida Rules of Civil Procedure 1.24(b), 30 F.S.A., relates to the right to take depositions while Rule 1.21(d) (3) clause 2 relates to the right to use the depositions at the trial in lieu of testimony.
Rule 1.21(d) (3) provides:
“The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; * *
The recent case of Driscoll v. Morris, Fla.App.1959, 114 So.2d 314, by the Third District Court of Appeal held that where no evidence other than the deposition itself was offered to show deponent’s inability to appear in person, it was not an abuse of discretion to exclude the deposition. The court, in its opinion, states at page 316:
“Likewise, no evidence outside the deposition itself, was proffered to show that the deponent was unable to attend in person as a witness before the court, a duty we conclude that was upon the plaintiff.”
We hold that there was a duty on the part of the plaintiffs to adduce testimony which they failed to do, to show their right to use the depositions in question.
We observed in the record that the trial judge offered to continue the case to allow the plaintiffs further time to obtain depositions but the attorney representing the plaintiffs decided to go forward with his testimony without the use of the depositions in question.
A general statement as to the law surrounding the admissibility of depositions is set out in the following excerpts from 26A C.J.S. Depositions §§ 92(1) and 92(2)a:
“§ 92(1). — The general rule of law is that every witness must give his evidence in person in order that the credibility and weight of his testimony may be determined from his appearance and manner of testifying. There are exceptions to this rule, however, founded on considerations of convenience and necessity. Since a deposition is only secondary evidence, the party offering it must, except where it is rejected in limine as invalid, lay a sufficient introductory ground for its admission. It is not necessary, however, that this ground should be one especially enumerated by statute. The admissibility of a deposition depends generally on *330 the conditions existing at the time it is offered. A defendant whose deposition is taken by plaintiff does not become a general witness on all the facts where there are other parties defendant; and the answers to interrogatories, propounded to a party to the action before trial, are inadmissible as evidence against a party other than deponent.
“A statute providing that when a deposition of a party or interested witness has been taken, and a party has filed an affidavit that the oral examination in open court of the deponent is necessary to the attainment of justice, the deposition shall be inadmissible unless the deponent is physically disabled, has been held not to apply to depositions of parties, or other interested witnesses who are nonresidents of the state.”
“§ 92(2). — In order to render a deposition of a party to the action admissible, in some jurisdictions a preliminary showing must be made to account for the absence of deponent at the time of the trial, and such a deposition is inadmissible where deponent is present at the trial and testifies, except as an admission against interest as discussed in Evidence § 308; or, as shown in the C.J.S. title Witnesses § 394, also 70 C.J. p. 1073 note 66-p. 1074 note 71, for purposes of impeachment. In other jurisdictions, however, such a showing is unnecessary, and the deposition is admissible though deponent be present in court, provided it contains something material to the issues which was not covered by the oral examination of deponent at the trial. It has been held that the deposition of a party who is a nonresident of the state is admissible in support of his cause of action, although he is not present at the trial so as to be available for cross-examination.”
An additional illuminating statement on the admissibility of depositions on the ground that the witness is absent from the jurisdiction is found in 4 Am.Jur., Proof of Facts, Deposition, 435.
“Where a deposition was taken on the ground that the witness resided outside the jurisdiction of the court or was about to leave it, it is generally necessary to show on the trial that he is still absent in order to have the deposition admitted. There is no specific rule of law as to the showing necessary for its admission since the sufficiency of the showing is within the discretion of the trial court. Indeed, in some jurisdictions, there is a presumption that the absence continues and the burden is shifted to the party seeking to prevent the introduction of the deposition to prove that the witness is no longer absent. Generally, however, the party attempting to introduce the deposition must show that the person is still absent or that he used due diligence in an unsuccessful attempt to locate the witness. Proof of continued absence and due diligence may be shown in a variety of ways. For example, it may be shown that the deponent was only temporarily in the jurisdiction when the affidavit was taken, that he resides outside the jurisdiction, that he is actually located at the time of trial outside the jurisdiction, that an attempt to serve a subpoena was ineffectual, or that a search of telephone or city directories, voting lists, or other listings and records did not reveal his location.”
The appellants also contend that the trial judge erred in proceeding to grant affirmative relief to the defendant Goley as he did not file a counter-claim. We note from the record, however at the conclusion of his answer, he said:
“Wherefore, this Defendant, having answered each and every of the allegations contained in said Complaint, prays that this Court will enter a declaratory decree determining the rights and privileges of the parties hereto, and that *331 pursuant to said decree will order the party or parties responsible for payment of the obligation for the services and materials furnished by this Defendant upon the parcel of real property known as 737 - 12 Avenue, North, St. Petersburg, Florida, and legally described as hereinabove set forth, to pay the sum due and owing to this Defendant in accordance with the contract attached hereto, and for such other and further relief as to this Court may appear to be meet, just and equitable.”
We conclude that the court did not err in granting affirmative relief to defendant Goley.
The decree of the lower court is affirmed.
KANNER and SMITH, JJ., concur.