LOVE, WILLIAM K., Associate Judge.
Appellants, defendants below in an action for a real estate brokers commission, seek review of a final judgment based upon a jury verdict in favor of the appellee.
It is urged that the trial court erred in admitting into evidence the deposition of an officer of plaintiff corporation because such officer was, in law, a “party” and not a “witness” and, secondly, that there was no predicate for the admission under the rules. The first contention is contrary to the clear terms of Rule 1.21(d) (3), Florida Rules of Civil Procedure, 30 F.S.A. The predicate for admission was the testimony of a brother of the witness that deponent lived in Miami Beach, and that he assumed that, at that particular moment she was at home although he could obviously not swear to her exact whereabouts and that he had last seen her some three weeks prior to the trial. In order to render a deposition admissible in evidence, some sufficient grounds must first be made to appear of the existence of one of the conditions set forth in the rule. Proof which raises a reasonable presumption is sufficient and determination is largely vested in the sound discretion of the trial court. See Weber v. Berry, Fla.App., 133 So.2d 327; Barron & Holtzoff, Vol. 2-A, Federal Practice & Procedure, Sec. 654; Frederick v. Yellow Cab Co. of Philadelphia, 3 Cir., 200 F.2d, 483; Klepal v. Pennsylvania R. R. Co., 2 Cir., 229 F.2d, 610. We hold that a sufficient showing was made to justify the admission of the deposition.
Appellants next contend the Court erred in its instruction to the jury upon its report of inability to agree. While we find no error in the instruction we also find no record of any objection thereto. See Nelson v. State, 148 Fla. 338, 4 So.2d, page 375.
As to the sufficiency of evidence, the prime dispute was the question as to whether or not a listing agreement had existed between the Appellee and Appellants. It is clear that Appellants owned some 500 acres of land in the vicinity of Fort Pierce and that the Appellee brokerage corporation, through its salesmen participated in the negotiation between the parties. Appellants contend that the salesmen were the representatives of the purchaser and that they were under no obligation or agreement to compensate such parties for services in finding a purchaser. At any event, it is clear, at the closing of the sale, which was held in the office of the attorney for the Appellants, there was a discussion of various means of securing the payment of a commission to Feiner’s Organization, Inc. Mrs. Dickson at one time left this meeting dissatisfied with the proposals and returned. An agreement was made in writing which provided as follows:
“It is agreed that the commission due Feiner’s Organization, Inc., and/or Robert Sperling, Associate thereof, 1611 Washington Ave., Miami Beach, Florida, realtors, as broker’s commission for the sale of my property situate in Sections 26, 27, 34 and 35, in Township 35 South, Range 40 East, in St. Lucie County, Florida, to Sandy Surf Plotel, Inc., the amount of Sixty-five Thousand Dollars ($65,000.00). Said commission to be payable at the rate of Ten Percent (10%) each year, beginning one year from the date of the closing of the sale, or in amounts equal to the proportions that the cash payments made by the Buyer to the Seller bear to the total selling price as the same are made, whichever is the sooner. If such amounts so paid are less than the said Ten Percent (10%), the remaining sum shall be paid on the original due date of said annual payment.”
This instrument was signed by the Appellant, J. W. Dickson, after it had been examined and approved by his attorney, and was then signed by Mrs. Dickson who testified that she did so at the request of her husband. The attorney signed as a witness to the signatures of his clients and Feiner’s *705 Organization, Inc., executed through its agent and Associate, Robert Sperling.
The Appellants contend that this agreement was procured by duress and fraud. But we find no evidence thereof in the record. Appellants also contend that the true agreement of the parties was to the effect that they would serve only as trustees for the collection of such sums and its payment to the brokerage firm. It is significant that this sum was, by the agreement of all, included in the mortgages given by the purchasers to the seller. One of these mortgages constituted a lien upon a hotel in Miami Beach, which was subsequently conveyed to the purchasers. The remaining mortgage which covered a portion of the lands sold by Appellants, was foreclosed. It does not appear that in either of these instances did the Appellants consult with the Appellee as to any interest held under the trustee theory of the Appellants.
The verdict of the jury has determined the issues of fact adversely to the Appellants and we find no error in the record.
ALLEN, Acting C. J., and SMITH, J., concur.