196 So.2d 493 (1967)
William H. FISHMAN, Appellant,
v.
LIBERTY ASSOCIATES, INC., a Florida Corporation, Appellee.
No. 66-439.
District Court of Appeal of Florida. Third District.
March 14, 1967.
Rehearing Denied April 4, 1967.
*494 Hylan H. Kout, Miami Beach, for appellant.
Smathers & Thompson and Earl D. Waldin, Jr., Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
CARROLL, Judge.
The appellant William H. Fishman filed an action against the appellee Liberty Associates, Inc. and another defendant, H.B. Meiselman, seeking to recover a real estate commission. The case was tried before a jury. Two verdicts were rendered. One was in favor of the defendant Meiselman, and the other was a verdict in favor of the plaintiff against the defendant Liberty Associates, Inc., for $16,250, and judgment was entered thereon. The latter defendant filed a motion for new trial which included a ground "that the court erred in permitting the plaintiff, over the objection of the defendant, to read into evidence a deposition of Peter K. Moser taken on December 28, 1965." The motion for new trial was granted, and the plaintiff appealed.
The ground on which the court granted a new trial was stated in the order as follows:
"At the trial of this cause the Court committed harmful and prejudicial error in permitting the plaintiff to use the deposition of Peter K. Moser and to read into evidence the testimony of Peter K. Moser, from his deposition, without requiring the plaintiff to meet the duty imposed on him by Rule 1.21(d) (3), Florida Rules of Civil Procedure [30 F.S.A.]; Driscoll v. Morris, Fla.App. 1959, 114 So.2d 314; Weber v. Berry, Fla.App. 1961, 133 So.2d 327; Owca v. Zemzicki, Fla. App. 1962, 137 So.2d 876; Dickson v. Feiners Organization, Fla.App. 1963, 155 So.2d 703."
The deposition of the witness Moser, who was not a party to the case, had been taken on notice by the defendant, for discovery *495 and for use at trial, and it was conceded the testimony of that witness was material to the plaintiff's case.
Under rule 1.21(d) (3) F.R.C.P. the deposition of a witness may be used at trial if the court finds any of the circumstances set out in the rule exists, including the circumstance "that the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition."
When the plaintiff's attorney presented the deposition of the witness Moser at the trial, the attorney for the defendant objected on the ground that the witness had been subpoenaed and "there is no showing at this time that the witness is not available." The plaintiff's attorney then explained to the court that the witness had been subpoenaed to appear for the trial as set for the preceding day, a Wednesday; that he had told the witness to stand by, but that when trial was not commenced that day the witness had informed him that he was leaving for Philadelphia the next morning. (The trial started Thursday and the deposition was offered in the afternoon.) The only further objection by the defendant's attorney was to the plaintiff reading into evidence part of the deposition without presenting the entire deposition.
No objection or contention was made on behalf of defendant that the showing as to the absence of the witness was insufficient under the rule to entitle the deposition to be used, or because the showing of the witness' absence was made through a statement by the plaintiff's attorney without his having been sworn as a witness.
The trial judge accepted the showing of absence of the witness as sufficient, admitted the deposition and required that it all be read. In so ruling the trial judge stated that use of the deposition was being permitted on the statement of plaintiff's attorney that the witness was in Philadelphia, adding that if he found out the witness was not so absent he would do something about it.[1]
*496 On reading the ground stated in the order granting new trial it does not appear whether the trial judge concluded on hearing the motion for new trial that the showing made at trial as to the absence of the witness was insufficient, or concluded that the showing of absence, although otherwise sufficient, should not have been accepted because made by the plaintiff's attorney without his having been sworn as a witness. In either circumstance, we hold that the conclusion reached by the able trial judge was incorrect.
The decisions cited in the court's order have been examined, and we do not find in them any reason to hold that the showing made that the witness was absent and more than one hundred miles distance from the place of trial, should be considered insufficient to entitle the deposition to use under the rule.
In the cases cited by the trial court in the order granting new trial it is held that a deposition of a witness offered without evidence presented to establish a circumstance stated in the rule which would permit its use will prompt rejection of the deposition. Driscoll v. Morris, Fla.App. 1959, 114 So.2d 314; Owca v. Zemzicki, Fla.App. 1962, 137 So.2d 876. And the cited cases hold that the party offering a deposition is under a duty to show that it meets the requirements of the rule to entitle it to use. See Owca v. Zemzicki, supra, and Weber v. Berry, Fla.App. 1961, 133 So.2d 327, it being stated in the latter case that the party offering such a deposition is under a duty to adduce testimony to show a right to use the deposition. In the remaining case cited in the order, Dickson v. Feiner's Organization, Inc., Fla.App. 1963, 155 So.2d 703, 704, it was stated that admissibility of a deposition requires that "some sufficient grounds must first be made to appear of the existence of one of the conditions set forth in the rule. Proof which raises a reasonable presumption is sufficient and determination is largely vested in the sound discretion of the trial court."[2]
The showing made in this case, that the witness had departed and was in Philadelphia when the deposition was offered, was adequate to establish the usability of the deposition under the rule, and the trial judge was eminently correct in exercising his discretion at the trial to so consider it. Therefore, if the same facts had been shown by a sworn witness, it would appear that the right to use the deposition would be unquestioned.
This leads to the second question, which is whether the fact that the showing of the absence of the witness was in the form of a statement by the plaintiff's attorney of record without his having been sworn, or that it was not made by another person sworn as a witness, was a reason for which it should have been rejected. We hold that it was not, and that the fact that the showing of absence of the witness as a reason entitling the deposition to use was made by the unsworn statement of plaintiff's attorney at the trial did not constitute a sound or valid reason to set aside the verdict and grant a new trial.
In so holding we have not overlooked the recent decision of the second district *497 court of appeal in the case of Haverley v. Clann, Fla.App. 1967, 196 So.2d 38, in which the view was expressed that the factual situation forming the basis for introduction of the deposition of a witness may not be established by the unsworn statement of an attorney of record for the party on whose behalf the deposition is offered. Our view, as stated above, is otherwise to the extent that we are of the opinion that where the attorney offering the deposition is in possession of facts sufficient to establish a basis for its use under the rule, the trial judge may require the attorney to be sworn as a witness or, where opposing counsel does not object and request that the attorney first be sworn, the trial judge may accept the unsworn statement of such facts by the attorney as an officer of the court.
Moreover, it should be noted that in Haverley v. Clann, supra, recently decided in the second district, it was disclosed on the hearing on motion for new trial that the witness was not unavailable as represented at trial, whereas, in the instant case when the matter was considered by the court on motion for new trial it was revealed that the information given by the plaintiff's attorney at trial as to the absence of the witness was correct. This was established through an affidavit of the witness which confirmed that he was in Philadelphia when his testimony by deposition was offered at the trial.
In our view the circumstances of the case disclose reversible error outweighing the recognized presumption of correctness of the order and the discretion attending the entry of such an order.
Accordingly, the order granting new trial is reversed, and the cause is remanded with direction to reinstate the verdict and judgment against the defendant Liberty Associates, Inc.
Reversed and remanded.
NOTES
[1] The colloquy between the trial judge and counsel, when the deposition was presented and its propriety was under discussion, is revealed in the record as follows:

"Mr. Kout: We at this time want to use portions of the testimony  deposition of Peter K. Mozer, whose deposition was taken by defense attorneys on December 28, 1965; and said witness 
"The Court: Was it made for discovery or 
"Mr. Waldin: Judge, I object.
"The Court: I will require it all to be read.
"Mr. Waldin: I want to note my objection, because the Sheriff affected service on him, and there is no showing at this time that the witness is not available.
"The Court: Well, have you got anything to support your view that he is not present  that he is present, in view of the statement made by Mr. Kout previously that he is out of the City, more than 100 miles away?
"Mr. Waldin: I have no knowledge of that.
"The Court: Make your statement as to where he is.
"Mr. Kout: Mr. Peter Mozer stated yesterday that he was leaving for Philadelphia this morning and could not attend the trial.
"The Court: Did you have him subpoenaed?
"Mr. Kout: Yes, sir he was subpoenaed yesterday for 2 o'clock, and I told him to stand by because I thought the other case would be finished, and you told me to be ready.
"The Court: You were in another case, that is the reason we didn't try it. I was here ready.
"Mr. Kout: I subpoenaed him to be ready for Wednesday afternoon.
"The Court: On the statement of counsel that he is in Philadelphia, I will permit it. If I find out he wasn't in Philadelphia, I will do something about it.
"I will require you to read the whole deposition, not portions of it."
[2] The showing in this case as to absence of the witness was stronger than the showing of absence in the cited case of Dickson v. Feiner's Organization, Inc., supra, which was there described as follows: "The predicate for admission was the testimony of a brother of the witness that the deponent lived in Miami Beach [the trial was in St. Lucie County] and that he assumed that, at that particular moment she was at home although he could obviously not swear to her exact whereabouts and that he had last seen her some three weeks prior to the trial." In the Dickson case the second district court of appeal held the foregoing was a sufficient showing of absence of the witness to entitle the deposition to use under the rule.