212 So.2d 45 (1968)
Charles ROSENBERG, Appellant,
v.
MARITIME INSURANCE COMPANY, Limited, Appellee.
No. 67-612.
District Court of Appeal of Florida. Third District.
June 18, 1968.
*46 Joseph Rosenkrantz and Theodore M. Trushin, Miami Beach, for appellant.
Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
This is an appeal by the plaintiff below from an adverse final judgment in an action to recover under an alleged marine insurance contract, for the loss of a vessel. The cause was tried before the court, and in rendering judgment for the defendant the trial judge made extensive findings of fact which, with certain omissions, were as follows:
"1. The plaintiff, Charles Rosenberg, is an individual and at all times material hereto, the owner of a 1952 Chris Craft, 27 foot, wooden hull, named `New Rose.'
"2. The defendant, Maritime Insurance Co., Ltc., insured the vessel `New Rose,' owned by Charles Rosenberg, under a policy of insurance issued by the W.E. Kingsley Company, Lexington, Kentucky for a period of from January 4, 1966 to January 4, 1967.
"3. The marine insurance policy in question, issued to Charles Rosenberg contained an express warranty which applied to all sections of the policy and which stated:
`Warranted confined to the Inland waters of the State Kentucky, including the Ohio River.'
* * * * * *
"6. Mrs. Anna Walker, at all times material to this action, was the Manager of the Town and Country Insurance Agency, Inc. She testified she is a solicitor, as opposed to an agent, and as such has no authority to bind Maritime Insurance Co., Ltd.
"7. Mr. William Nicholas was an underwriter for the W.E. Kingsley Co., Lexington, Kentucky at all times material to this action.
"8. Mrs. Anna Walker testified that on June 3, 1966, she called Mr. William Nicholas, of the W.E. Kingsley Co. and requested coverage of the vessel for overland transportation from Lexington, Kentucky to Miami, Florida for a period from June 3, 1966 until June 6, 1966, and also coverage during the time the vessel was to be in Florida waters.
"9. Mr. William Nicholas, in his deposition, stated referring to a telephone conversation with Anna Walker, `she called me on June 3, 1966 and requested transportation coverage on the boat, which is insured under this policy, while it was being transported from Lexington to Miami, Florida. The dates of the coverage requested were from 12:01 a.m. June 3rd through June 6th, 1966.' He stated that Anna Walker had only informed him that trip coverage was desired as the boat was to be sold when it arrived in Florida.
* * * * * *
"11. The vessel `New Rose' was found sunk dockside in Blue Lagoon, Miami, Florida at 10 a.m. on June 7, 1966 by one William Wheat, who stated under oath, he did not know the cause of the sinking.
"12. The court finds, as a matter of fact, from the credible evidence, that the *47 plaintiff has failed to prove an oral contract of insurance covering the vessel while it was in Florida waters existed and further finds that the express warranty in the policy was in force and bars the plaintiff from recovery.
* * * * * *
"15. William Wheat testified that the vessel was placed in the water at Blue Lagoon on June 6, 1966 at around 4 p.m.
"16. The Court finds that as a matter of fact, when a vessel sinks at a dock in clear water a presumption of unseaworthiness arises.
"17. The Court further finds that there is an implied warranty of seaworthiness contained in the insurance policy and the burden of showing the cause of sinking and whether the sinking is a result of an insured peril is on the assured.
"18. The Court finds that as a matter of fact, the plaintiff offered no evidence to show the proximate cause of the sinking.
* * * * * *
"21. Robert Parker testified that a mahogany hull dries out quicker than other types of wood hulls and that it would be necessary for the vessel to have been in the water for at least three days, with pumps going continually, before the seams of the hull would swell to the point where most leakage would cease."
* * * * * *
Based on those findings the trial court held that the plaintiff had not proved a contract for insurance of the vessel while in Florida waters; that the annual policy which limited coverage to inland waters of Kentucky, including the Ohio River, was not applicable; that even if it were, recovery would be precluded because of unseaworthiness of the vessel; that the cause of the sinking was not shown; and that the defendant had not waived any of its rights or defenses and was not estopped to deny liability.
A number of contentions are presented by the appellant. The first is that it was error to admit the deposition of William Nicholas, taken in Lexington, Kentucky. At trial the defendant objected to use of the deposition on the ground that it had not been established by sufficient proof that the witness was absent more than 100 miles from the place of trial. The objection was sustained. Thereupon the plaintiff's attorney established by long distance telephone calls to Lexington, Kentucky, that the witness was in that city, and upon the attorney so testifying the court received the deposition in evidence. That ruling of the trial court was not an abuse of discretion. See Dickson v. Feiner's Organization, Inc., Fla.App. 1963, 155 So.2d 703, 704; Fishman v. Liberty Associates, Inc., Fla.App. 1967, 196 So.2d 493.
The remaining contentions challenge the sufficiency of the evidence to sustain the several findings and judgment of the trial court. On examination of the record and briefs we hold that the court's findings and judgment are supported by substantial competent evidence, and that no error of law has been shown.
Affirmed.