OWEN, Judge.
Appellants were defendants in a personal injury action tried before a jury and resulting in a verdict and judgment adverse to them. The controlling question on this appeal is whether the court committed reversible error in denying the defendants’ proffer into evidence of the deposition of the defendant Robert Eggers, who was not present at the trial.
Rule 1.280(d) R.C.P., 30 F.S.A.,[1] governs the use of all or part of a deposition at trial. By express language the deposition testimony may be used only so far as the same is “admissible” under the rules of evidence. In this case, however, we are not concerned with the admissibility vel non of a deposition, but rather its “usability”, i. e., the threshold determination of whether a condition exists by virtue of which a party has become entitled to even offer into evidence all or part of a deposition, and lf so> the extent of any limitation thereon.
Several months before trial the plaintiff had taken the deposition of defendant Eggers upon oral examination, and in due course the deposition was transcribed and filed with the clerk. When the case came to trial, defendant Eggers was not present, his whereabouts apparently being then unknown to his own attorneys (who also represented the co-defendant, Richardson Tractor Company, Eggers former employer). Plaintiff, as part of his case, read into evidence a scant eight lines from Eggers’ deposition by which the deponent stated that the rear bumper of the vehicle he was operating had been torn off in the accident. Of course, subject to being admissible under rules of evidence, the plaintiff (as an adverse party) had the right to use' the deposition under subsection (2) of the rule.
*384 After plaintiff rested, defendants as part of their case in chief offered Eggers’ entire deposition, to which plaintiff objected. After some colloquy between court and counsel,[2] defendants proceeded to offer sworn testimony by their trial counsel and by an officer of the corporate defendant which outlined their unsuccessful efforts to locate Eggers and which related the information they had received to the effect that Eggers was “taking off for parts unknown” due to his becoming delinquent in alimony payments. On the basis of such sworn testimony, seeking to establish the unavailability of the witness within the scope of subsection (3) of the rule, the defendants again moved to be allowed to offer the deposition into evidence. The court denied this motion on the basis that the defendants had not made a sufficient showing as to the absence of the witness. The defendants then proffered the deposition and the court ruled that it would refuse the proffer insofar as it pertained to matters other than the portion relating to the part read by plaintiff during his case.
Defendants contend on this appeal (as they did in the trial court) that they were entitled to use Eggers’ deposition under the provisions of both subsection (3) and subsection (4) of the rule. Because we *385 conclude that the defendants were entitled to use Eggers’ deposition by virtue of the provisions of subsection (4) of the rule, it becomes unnecessary for us to- determine or even discuss the question of whether the trial court abused its discretion [3] in ruling that defendants had not sufficiently carried their burden of establishing a predicate to use the deposition under the provisions of subsection (3).
Subsection (4) of the rule, which by its own terms applies only when a part of a deposition has been placed in evidence by a party, contains two provisions which are separate and distinct from each other and should not be intermingled or confused as each serves a valid but separate purpose. The first gives to a party who is adverse to the party introducing[4] a part of the deposition the right to require the proponent of the deposition to introduce all of it relevant to the part introduced. This is the portion of the rule which the plaintiff successfully but erroneously urged upon the trial court as the limiting factor to the defendants’ right to use Eggers’ deposition. The purpose of this provision of the rule is to insure fairness, so that an isolated portion of the deposition not be read out of context or independent of other portions which fairly qualify or explain it.[5] Properly construed and applied, this provision simply means that when a party has become entitled under either subsection (1), (2) or (3) of the rule to use a deposition at trial, and makes known the intention to introduce into evidence only a part thereof, an adverse party can require the proponent (as part of the proponent’s case) to introduce all portions of the deposition relevant to the portion which the proponent introduces. The trial court has broad discretion to control the procedure to the end that the trier of fact may best follow the deposition testimony in a comprehensible manner, and to insure that the manner of presentation does not defeat the purpose of the rule.
The second provision of this subsection unequivocally provides that once a part of the deposition is introduced into evidence by a party, any party may introduce any other parts. There is no limitation or restriction requiring that such “other parts” introduced by another party be relevant to the part already introduced. When the plaintiff in this case elected to introduce into evidence a part of Eggers’ deposition, each of the defendants thereupon became entitled under this provision of subsection (4) of the rule to offer into evidence during the defendants’ case any other parts of Eggers’ deposition. The right to do so was not dependent upon either of the defendants being able to show entitlement to use the deposition under the provisions of subsection (3) of the rule, nor was the right to use the deposition limited or restricted to those parts which were relevant to the parts which plaintiff had introduced into evidence. Thus, it was error for the court to restrict appellants’ use of Eggers’ deposition to those portions which pertained to matters relevant to the part read by plaintiff during his case.
Eggers’ deposition contained testimony which was both relevant and material to the issues of (a) the defendants’ alleged negligence, and (b) plaintiff’s alleged status as an employee of the corporate defendant at the time of the injury. At the conclusion of all of the evidence, the court withdrew from the jury any issue of employer immunity on the grounds that there was no evidence upon which the jury could find that plaintiff occupied the status of an employee of the defendant Richardson *386 Tractor Company at the time of plaintiff’s injury. Appellants assigned this ruling as error. While we believe that this ruling was correct on the basis of the evidence then before the jury, it would have been an erroneous ruling had Eggers’ deposition testimony relating to the employment status of plaintiff been admitted into evidence.
Plaintiff sustained serious and permanent injuries as a result of the accident. The record contains a substantial amount of expert medical and lay testimony relating to the nature and extent thereof, all of which adequately justifies the jury verdict. Eggers’ deposition testimony, while describing briefly plaintiff’s apparent injuries at the accident scene, is so relatively insignificant to the overall testimony relating to plaintiff’s injuries that we have no difficulty in concluding from an examination of the entire record that the rejection or exclusion of Eggers’ deposition testimony had no material effect on the amount of damages awarded by the jury. Appellants have not questioned on this appeal the amount of the damages, and the issue of damages is completely separable from the several issues relating to the defendants’ respective liabilities to the plaintiff. While we have the view that the court’s error in excluding Eggers’ deposition requires that appellants be granted a new trial, we are of the view that such trial should be limited to the question of liability as it is clear that such course can be pursued without confusion, inconvenience or prejudice to the rights of any party.[6]
The judgment appealed is reversed and this cause remanded for a new trial limited solely to the liability of the respective defendants for plaintiff’s damages, the extent of which has been determined.
Reversed and remanded.
REED, C. J., and WALDEN, J., concur.

. “(d) Use of Depositions. At the trial or upon the hearing of a motion of an interlocutory proceeding any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director or managing agent of a public or private corporation, partnership or association which is a party may be used by an adverse party for any purpose.
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (1) That the witness is dead; or (2) that the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or (3) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (4) that the party offering the deposition has been unable to procure the attendance of the witness; or (5) upon application and notice, that such exceptional circumstances exist as to make it desirable in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(4)If only a part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.”

. “MR. CULP: I am going to offer the deposition of Mr. Eggers.
THE COURT: As your next witness?
MR. CULP: Xes, sir.
THE COURT: All right.
MR. BABBITT: Is that the sum total of your preparation? I object. There has been no predicate laid for admission of the deposition. The rule is quite clear that it cannot be admitted simply because — -Well, there has been no reason given. The rule is 1.280. I assume that is the rule that it is being offered under. Mr. Culp has previously indicated I believe that the reason is because he is a party. Is that right?
MR. CULP: No, sir. Ruling under 1.-280d-3 unavailability of the witness. I have rules of Civil Procedure. I am going to offer the deposition of the defendant Eggers in its entirety into evidence at this time as part of the defense. Our case law allows this on the unavailability of this witness. Attempts have been made by myself, Mr. Storey, our investigators and Mr. Eg-gers has written our office a letter saying that he was taking off for parts unknown. This letter I have here. We cannot locate him. Every effort that was made, — he is apparently in Alabama and will not be found for personal reasons, domestic in nature. He is in arrears in alimony payments and under the case law and under the unavailability of the witness rule just cited I am offering the affidavit — I mean the deposition of Eggers. There is case law exactly on point allowing me to do this.
THE COURT: Does the rule provide where a defendant does not wish to be present, he has a right to have his deposition used? Is that the rule?
MR. CULP: That is the other party can use it. I have additional grounds for offering it too. The door was opened when Mr. Babbitt read portions of my client’s deposition into evidence. Now, the rule also provides that I can offer any or all other portions of it, so actually I have two grounds since he opened—
THE COURT: Let met see first the case that is squarely on point that resolves the problem as you see it.
MR. CULP: [Fishman v. Liberty Associates, Fla.App.] 196 So.2d 493.”
* * * ' * *
“THE COURT: [Addressing plaintiff’s counsel] Let me ask you one thing. The defendant has suggested that since you have used a portion of the deposition, other portions are now relevant.
MR. BABBITT: I believe the rule provides only as to the parts which are relevant to the parts I introduced.
THE COURT: Which portion of the deposition did the plaintiff present?
MR. BABBITT: Presented about eight lines as I recall. I can tell you which portion I read, which dealt with whether the bumper was on the truck or not after the accident, whether it had been ripped off. I can tell you exactly.
THE COURT: Under this paragraph four, which portion of the deposition would be admissible here by the adversary ?
MR. BABBITT: Anything that has relationship to whether the bumper was on or off.
THE COURT: Anything else?
MR. BABBITT: No, sir.
THE COURT: All right.”

. Cf. Fishman v. Liberty Associates, Fla.App.1967, 196 So.2d 493; Dickson v. Feiner’s Organization, Inc., Fla.App.1963, 155 So.2d 703.

. While the rule uses the words “offered in evidence by a party”, it clearly means that a part must not only be offered in evidence, but that some part was in fact received into evidence.

. 4 Moore’s Federal Practice 2d Ed., ¶ 32.-06.

. Purvis v. Inter-County Telephone & Telegraph Co., Fla.1965, 173 So.2d 679; Southern Ry. Co. v. Wood, Fla.App.1965, 175 So.2d 812; Larrabee v. Capeletti Bros., Inc., Fla.App.1963, 158 So.2d 540.