318 So.2d 515 (1975)
COLONNADES, INC., a Florida Corporation, Appellant,
v.
VANCE BALDWIN, INC., etc., Appellee.
No. 74-153.
District Court of Appeal of Florida, Fourth District.
August 22, 1975.
*516 C. Robert Burns and Mike S. Buckner of Burns, Middleton, Farrell & Faust, Palm Beach, and Alan Meltzer, Lake Park, for appellant.
Samuel H. Adams of Adams, Sullivan & Coogler, West Palm Beach, for appellee.
OWEN, Judge.
Although we find no error, and therefore affirm the judgment appealed, we take this opportunity to discuss one of the questions raised, i.e., whether a party who desires to use at trial pursuant to Rule 1.330(a)(3) RCP[1] the deposition of a nonparty witness, on the grounds that the witness is, at the time of trial, either (a) more than 100 miles from the place of trial, or (b) out of the state, may lay the predicate for the deposition's use solely by the deponent's deposition testimony.
At trial plaintiff-appellee offered into evidence the deposition of a nonparty witness whose testimony was both material and vital to the plaintiff's case. The deposition had been taken in Atlanta, Georgia on June 30, 1973, three days before trial. The deponent stated in the deposition that he lived in Birmingham, Alabama, and that he would not be in West Palm Beach, Florida on July 3 to attend the scheduled trial. Plaintiff offered no evidence (independent of the deposition) to establish a predicate for its use under Rule 1.330(a)(3) RCP. Defendant-appellant's objection to plaintiff's use of the deposition, on the ground that the witness was not shown to be unavailable for trial, was overruled. This is the assigned error upon which the question is raised.
Appellant relies upon Haverley v. Clann, 196 So.2d 38 (2nd DCA Fla.App. 1967) for its position that it is error for the trial court to permit a party to use a deposition at trial under Rule 1.330(a)(3) RCP on the grounds that the witness is then either (a) more than 100 miles from the place of trial, or (b) out of the state, unless and until the party desiring to use the deposition has shown to the court's satisfaction by sworn evidence, independent of the deposition itself, that one of these conditions exists. While we agree that as a threshold requirement to the use of a deposition under this subdivision of Rule 1.330 RCP there first must be a finding by the court that the required predicate has *517 been shown, we hold that the trial court has broad judicial discretion as to the source, nature and sufficiency of the facts which he may consider for this purpose, and that neither the cited case, nor logic and reason, prohibit the trial court from relying solely upon the deponent's deposition testimony in finding that the required predicate for the use of the deposition has been established.
Our view does not conflict with the holding in the case of Haverley v. Clann, supra, nor with the holdings in the earlier cases of Weber v. Berry, 133 So.2d 327 (2nd DCA Fla.App. 1961) and Driscoll v. Morris, 114 So.2d 314 (3rd DCA Fla.App. 1959). In Driscoll v. Morris, supra, the trial court was found not to have abused its discretion in denying the proffered deposition when there was no evidence, outside of the deposition itself, to show a proper predicate for the deposition's use. In Weber v. Berry, supra, the trial court's denial of the proffered deposition was held not to be an abuse of discretion where the opponents failed to adduce evidence that the witnesses, who lived and were deposed in Chicago, "were more than 100 miles away" at the time of trial. However, neither case held that the trial court would have abused its discretion had it, instead of refusing the proffered deposition, received it into evidence upon a finding, based solely upon the deponent's sworn testimony in the deposition, that the witness was unavailable to testify at trial. In Haverley v. Clann, supra, it was held that the trial court did abuse its discretion in admitting the deposition into evidence, not because the predicate was found in the deponent's sworn testimony, but because the only showing in support of the predicate was counsel's unsworn statements over the objection of opposing counsel. None of these cases held that the trial court may not rely solely on the deponent's deposition testimony to find a proper predicate for use of the deposition under Rule 1.330(a)(3) RCP.
Nor do we see any sound logical reason why the trial court should be prohibited from relying solely on the deposition testimony as a basis for finding that the required predicate has been established. Here, just three days before trial, deponent stated in a deposition taken in Atlanta, Georgia, that he was a resident of Birmingham, Alabama, and that he did not expect to be in the State of Florida, and more particularly West Palm Beach (the site of the trial) on the following July 3 (the date of the trial). In Dickson v. Feiner's Organization, Inc., 155 So.2d 703 (2nd DCA Fla.App. 1963), the court approved as a proper predicate the testimony of a brother of the deponent who testified that deponent lived in Miami Beach [which was more than 100 miles from the place of trial] and that he (the witness) assumed that, at that particular moment, the deponent was at her home although obviously he could not swear to her exact whereabouts since he had last seen her some three weeks prior to the trial. Presumably, in the instant case counsel who took the deposition in Atlanta could have taken the witness stand and under oath stated that the deponent lived in Birmingham, Alabama, and that he assumed that, at that particular moment, the deponent was at home although obviously he could not swear to his exact whereabouts since he had last seen the deponent three days prior to the trial. If we assume that such testimony would have been a valid basis upon which the trial court could find that a proper predicate had been established, it seems illogical to suggest that the trial court could not consider the identical testimony from the deponent, merely because it is found in the deposition. There is no reason to fetter the trial judge with unrealistic and impractical requirements in this respect. His job is to determine whether there is a valid reason within the provisions of the rule as to why the deposition should be used in lieu of the witness's live testimony. If he can satisfy himself in this respect by examining *518 the deposition testimony, then he should not be precluded from doing so.
During oral argument of this case it was suggested that trial counsel who wishes to use the deposition on the grounds of the unavailability of the witness should be prepared, as a minimum requirement, to contact the witness by telephone or other means immediately prior to the time the deposition is to be used so that counsel may assure the court of the deponent's unavailability as of the time the deposition is proffered. Trial counsel who are fortunate enough to be able to do this will undoubtedly have little difficulty in convincing the trial court that there is a valid predicate for the use of the deposition, but to hold such to be a minimum requirement in establishing a predicate for use of the deposition would be to impose a condition that is highly impractical (if not impossible) in most cases, and we therefore reject such suggestion.
Affirmed.
WALDEN, C.J., and MAGER, J., concur.
NOTES
[1] Rule 1.330(a)(3) RCP provides:

"(a) Use of Depositions. ...
* * * * *
"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or (F) the witness is an expert or skilled witness."