RIVKIND, LEONARD, Associate Judge.
Defendants appeal an adverse judgment in a slip and fall case. The defendants sought to read the depositions of Bobbie Todd and Cindy Fitzgerald contending that they were unavailable for trial. The trial court denied the motion finding that there was an insufficient showing of unavailability. We disagree. Therefore, we reverse and remand for a new trial.
Defense counsel represented that Bobbie Todd had moved to Texas a few years prior to trial and a letter to an address in Texas provided by her went unanswered. Additional efforts to locate the witness in Texas were fruitless. There is nothing in the record to indicate the witness returned to this area. Defendants established a predicate through the representations of their counsel. No objection was made by plaintiff as to the method employed. The sole objection was to the sufficiency of the representations to establish unavailability. See Fishman v. Liberty Associates, Inc., 196 So.2d 493 (Fla. 3d DCA 1967). We are of the opinion a sufficient showing was made to allow the use of the deposition and the trial court abused its discretion in excluding the same. We have read the deposition in the light of the issues presented to *778 the jury to determine if the exclusion falls into the category of the “harmless error” rule. It does not. Bobbie Todd testified at her deposition that plaintiff, in her presence, told different versions as to how the accident happened which was highly probative on the issue of liability.
Since we find that exclusion of the Bobbie Todd deposition requires a reversal, we need not determine whether the refusal to allow the deposition of Cindy Fitzgerald was also an abuse of discretion, and if so, whether it was harmless or harmful error. Likewise, we need not address the remaining points on appeal.
Reversed and remanded for a new trial.
LETTS and HERSEY, JJ., concur.