942 So.2d 903 (2006)
Lester Perry CROWE, Appellant,
v.
Charles LOWE and Wayne Hildebrand, Appellees.
No. 4D04-4032.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Rehearing Denied December 20, 2006.
*904 John P. Wiederhold of Wiederhold & Moses, P.A., West Palm Beach, and Walter J. Postula of Walter J. Postula, Esquire, North Palm Beach, for appellant.
Sharon C. Degnan of Kubicki Draper, Fort Lauderdale, for appellee Charles Lowe.
BAILEY, JENNIFER D., Associate Judge.
Appellant, Lester Perry Crowe ("Crowe"), the plaintiff below, sued Appellees, Charles Lowe ("Lowe") and Wayne Hildebrand ("Hildebrand"), for damages resulting from injuries sustained while settling a car racing dispute. Crowe, Hildebrand, and Lowe were all involved in racing at the Thundercross Speedway Raceway in Okeechobee, Florida. That night, Hildebrand was racing in Lowe's car when Crowe's car collided with Lowe's, damaging both cars and knocking both out of the night's races. Crowe was known to habitually drop by a local bistro known as Posey's Corner after a Saturday night of racing. Crowe alleged below that Hildebrand and Lowe, upset over the collision, went to Posey's Corner with the intent to confront and injure him. A confrontation between the men ensued at Posey's Corner, resulting in a fracas during which, Crowe alleged, Hildebrand attacked him and inflicted neck and shoulder injuries. Crowe also alleged that Lowe conspired with Hildebrand to confront and injure him. Lowe asserted he was an innocent bystander. During the trial, the judge excluded deposition testimony of witness James Bennett, and the testimony of another witness, Robert Lilly, who was struck by Lowe in the melee. The trial court abused its discretion in excluding this evidence and therefore, we reverse.
As to the admission of the deposition, Crowe's counsel timely served a subpoena prior to trial at Bennett's address in Palm Beach Gardens. When the lawyer followed up with a message on Bennett's cell phone, Bennett called back and told the lawyer he had moved to Atlanta, Georgia, and would not be back to West Palm Beach for trial. Bennett's wife, who had actually received the subpoena from the process server, also called the attorney and told him that Bennett had moved to Atlanta. When Crowe's attorney attempted to serve Mrs. Bennett to come before the court to testify that Bennett had moved, his process server found the house empty, without occupants or furniture. The trial court then issued an order to show cause as to why Bennett should not be held in contempt for failing to honor the subpoena. The sheriff testified that when *905 he went out to serve the show cause order at the Palm Beach Gardens address, the house was unoccupied. The deputy checked for other addresses for Bennett to no avail.
A hearing was held on the use of the deposition. Crowe's attorney was sworn and testified as to his conversations with Bennett and Bennett's wife and his inability to bring either of them to court to testify, and the deputy testified as to his fruitless attempt to serve the order to show cause and to otherwise locate Bennett in the area. At the conclusion of the hearing, the trial court excluded the deposition, apparently concluding that the evidence was insufficient to establish that Bennett was out of state. Although Crowe clearly raised the issue of his attempt to procure attendance through subpoena, which was the basis for the trial court's order to show cause, the trial court did not address this as a basis for admitting the deposition. Finding the failure to admit the deposition to be an abuse of discretion, we reverse.
The standard of review regarding the admissibility of evidence is whether there was an abuse of discretion. Castaneda v. Redlands Christian Migrant Ass'n, 884 So.2d 1087, 1090 (Fla. 4th DCA 2004). The admissibility of deposition testimony is governed by Florida Rule of Civil Procedure 1.330. "Failure to permit the use of deposition testimony when authorized pursuant to the Rules is reversible error." Castaneda, 884 So.2d at 1092. The rule provides two avenues to admit the Bennett deposition: rule 1.330(3)(B), which provides for admissibility where the witness is out of state and the absence was not procured by the offering party and rule 1.330(3)(D), which permits the use of the deposition where the party offering the deposition has been unable to procure the attendance of the witness by subpoena.
The record reflects that irrespective of where Bennett had moved, a subpoena had been served upon him which the trial court determined was valid and could form a basis for its order to show cause. Bennett did not respond to the subpoena. Therefore, Crowe was unable to procure Bennett's attendance by subpoena, even though Crowe had resorted to the court for enforcement through an order to show cause. This ground alone dictates admission of the Bennett deposition.
Considering the matter under rule 1.330(3)(B), the trial court found that the proffer from Crowe was insufficient to establish that Bennett was out-of-state. Evidence of the witness's unavailability is required under the rule. Haverley v. Clann, 196 So.2d 38 (Fla. 2d DCA 1967); Fishman v. Liberty Assocs., Inc., 196 So.2d 493 (Fla. 3d DCA 1967). Proof which raises a reasonable presumption is sufficient to provide the basis to admit the deposition. Dickson v. Feiner's Org., Inc., 155 So.2d 703, 704 (Fla. 2d DCA 1963). In the case at hand, the sworn testimony of the attorney and the deputy were sufficient to establish a reasonable presumption that Bennett was indeed in Atlanta, Georgia. See Fishman, 196 So.2d 493. It was an abuse of discretion to prohibit use of the deposition.
For purposes of appeal, however, the court must examine the entire record to determine whether the exclusion of the deposition resulted in a miscarriage of justice. § 59.041, Fla. Stat. (2004); Nat'l Union Fire Ins. Co. v. Blackmon, 754 So.2d 840, 843 (Fla. 1st DCA 2000). James Bennett was a key witness in Crowe's case because he was the only witness who could place Lowe conspiring with Hildebrand in the pit at the racetrack where Hildebrand announced his intent to settle it with Crowe, with punches if necessary. Bennett's *906 testimony was critical to establishing that Lowe knew the purpose of the trip to Posey's Corner and knew of Hildebrand's intentions to use violence if necessary towards Crowe. Where the excluded Bennett testimony was the only direct testimony which evidenced Lowe's prior knowledge of Hildebrand's intent to fight Crowe at Posey's Corner, and where Lowe asserted he was an innocent bystander, failure to admit the deposition was error.
The trial court also erred in limiting the testimony of Lilly, Crowe's witness. Lilly was at Posey's Corner that night. Crowe sought to call Lilly to testify that Lowe punched Lilly while Hildebrand was attacking Crowe. Again, Lowe's level of knowledge and participation in the night's events was the significant issue as to his liability. Defense counsel argued that it was a completely collateral incident and the court excluded Lilly's testimony on the point. Crowe proffered Lowe's testimony in support of permitting Lilly to testify. Lowe testified that while Hildebrand was chasing Crowe, Lowe said Lilly "kept cussing, pushing his finger," so he hit him on the jaw to shut him up, thinking he could have been one of Crowe's sponsors. Another witness, Leslie Potter, testified that it was all happening at the same time. As Lowe's participation in the conspiracy was a key issue, his punching Lilly at roughly the same time that Hildebrand was hitting Crowe was not a separate event, but rather part of the same brawl in Posey's Corner's parking lot that night. This evidence should have been presented to the jury for its consideration on the claim that Lowe was involved in the attack. The jury, on the verdict interrogatory, rejected the conspiracy theory against Lowe. As such, the failure to admit the deposition and exclusion of the Lilly evidence meets the statutory burden of a miscarriage of justice and requires reversal.
We therefore reverse and remand for a new trial on the merits.
Reversed and Remanded For New Trial.
WARNER and KLEIN, JJ., concur.