CLARK, J.
Appellant Tara Hutchings appeals the adverse final judgment, after jury verdict, in her personal injury action. Following a vehicle collision which occurred on May 26, 2004, Appellant sought damages from the other driver for injuries Appellant claimed resulted from the collision. The jury found that the defendant was not negligent and the jury declined to award any damages. On appeal, Ms. Hutchings challenges the admission of certain evidence by the trial court, including the deposition of the defendant driver. Because the trial court did not abuse its discretion by admitting any of the challenged evidence, the judgment of the trial court is affirmed.
The issue of the use of the defendant’s deposition was first raised prior to trial, during argument on the motions in limine. Defense counsel filed his affidavit explaining that he had tried to locate his client for several weeks prior to trial but had been unsuccessful. Counsel further asserted that in his last conversation with his client, she informed him that she was taking a temporary job assignment out of state, in Oklahoma, and that she was uncertain of her ability to contact counsel while she was on this assignment. The defendant’s employer was a federal military agency and counsel had been unable to obtain any information from the employer about his client’s whereabouts since their last conversation. Counsel thus sought to introduce her deposition instead of her personal testimony at trial pursuant to rule 1.330(a)(3)(B), Florida Rules of Civil Procedure. He further sought to prevent plaintiffs counsel from disparaging the defendant by criticizing her absence. The trial court took the matter under advisement and trial commenced.
The deposition issue was further argued by counsel during a break in the jury proceedings. The defense reiterated its *1281 position that rule 1.330(a)(3)(B) allowed the use of the defendant’s deposition, and the plaintiff argued that defense counsel’s lack of knowledge of his client’s actual location was insufficient to establish that she was out of state or 100 miles away during trial. Plaintiffs counsel asserted that even if the defendant was so distant, her voluntary acceptance of a job assignment constituted an absence procured by the defense, as the party offering the deposition. The trial court again took the matter under advisement and the jury returned to the courtroom.
Finally, during the defense’s presentation of its case, the court ruled that the deposition could be read into evidence. The court specifically found that defense counsel’s affidavit provided sufficient evidence that his client was more than 100 miles away and that she had not procured her own absence, as contemplated by rule 1.330(a)(3)(B). When the jury returned to the courtroom, the defendant’s deposition was read into the record by counsel.
The trial court’s ruling allowing the deposition of the party defendant to be published to the jury and read into the record was within the court’s sound discretion under rule 1.330(a)(3)(B), Florida Rules of Civil Procedure. The trial court has “broad judicial discretion as to the source, nature, and sufficiency of the facts which he may consider.” Colonnades, Inc. v. Vance Baldwin, Inc., 318 So.2d 515, 517 (Fla. 4th DCA 1975). Proof which raises a reasonable presumption is sufficient to provide the basis for admission of a deposition under rule 1.330. Dickson v. Feiner’s Org., Inc., 155 So.2d 703 (Fla. 2d DCA 1963). The representations of counsel have been found to be sufficient for purposes of the required showing. Crowe v. Lowe, 942 So.2d 903 (Fla. 4th DCA 2006). The fact that counsel has been unable to locate a witness and did not know her whereabouts has been found sufficient to support admission of a deposition. Christopher’s Inc. v. Podolnick, 458 So.2d 777 (Fla. 4th DCA 1984) (trial court abused discretion by excluding deposition despite representations of counsel that witness could not be located).
In addition, the trial court committed no error in finding that the party’s acceptance of a job assignment in this situation was not procured by the party. The trial had been rescheduled and the job assignment was a temporary opportunity. Being called away for a compelling reason is sufficient to show that the deponent’s absence was not self-procured. Maxfly Aviation, Inc. v. Gill, 605 So.2d 1297 (Fla. 4th DCA 1992).
No abuse of the trial court’s broad discretion has been shown by the use of the defendant’s deposition as evidence. Having reviewed the entire record in this case, the other evidentiary rulings challenged by Appellant were also within the trial court’s exercise of its sound discretion and no error was committed.
AFFIRMED.
DAVIS and ROWE, JJ., concur.