351 So.2d 1144 (1977)
Ronald N. FERN, Appellant,
v.
Sam KRANTZ, Appellee.
No. 76-1915.
District Court of Appeal of Florida, Third District.
November 22, 1977.
*1145 Goodwin, Ryskamp, Welcher & Carrier and Kenneth L. Ryskamp, Miami, for appellant.
Grover, Ciment, Weinstein & Stauber and Marvin Weinstein, Miami Beach, for appellee.
Before HAVERFIELD, NATHAN and KEHOE, JJ.
PER CURIAM.
Defendant, Ronald Fern, appeals a final judgment for $25,000 entered on behalf of the plaintiff in a breach of contract action.
Plaintiff, Sam Krantz, filed a complaint for breach of oral employment contract against defendant Fern alleging that he had breached the terms of the contract by failing to pay him a $25,000 bonus upon the sale of Fern's apartment building which he managed. Fern answered and counterclaimed for damages alleging that he was forced to sell the building at a loss as a result of Krantz's mismanagement and threats to quit. The cause proceeded to jury trial and Krantz's case-in-chief consisted of his testimony to the effect that as an inducement to change employment to manage Fern's apartment building, Fern had agreed, as one of the terms of employment, to pay him a $25,000 bonus if the building was sold. Krantz called Fern to the stand as an adverse witness and Fern testified that he had paid $1,000,000 for the building and that under the agreement Krantz was entitled to a $25,000 bonus only if the building was sold at a substantial profit. During the presentation of his defense and counterclaim, Fern introduced evidence reflecting that he had sold the building for $975,000. Krantz then called the custodian of records at the county records office, Jack Pales, as a rebuttal witness. Fern objected to this witness, but the objection was overruled. A certified copy of the deed to Fern was then introduced into evidence without objection; and Pales testified that the state documentary stamps attached to the deed indicated that Fern had paid $875,000 for the property, but he could not say that, in fact, this amount was the actual purchase price. Fern's counsel was permitted to cross-examine Pales and after the close of all testimony, the court entered a directed verdict for Krantz on Fern's counterclaim and submitted Krantz's claim to the jury. The jury returned a verdict for $25,000 and judgment was entered accordingly.
Fern contends that the trial court erred in permitting Krantz to produce Pales as a rebuttal witness because rebuttal testimony offered by a plaintiff is directed to new matters brought out by evidence of the defendant, and Pales' testimony properly should have been submitted by Krantz in his case-in-chief. We cannot agree.
Assuming arguendo Pales' testimony was cumulative rather than rebuttal, it was within the sound discretion of the trial judge to allow its admission, and the exercise of this discretion will not be disturbed on appeal unless it appears to so prejudice the result as to indicate an abuse of discretion. See Driscoll v. Morris, 114 So.2d 314 (Fla. 3d DCA 1959). After a consideration of the record, we cannot say that the admission of Pales' testimony so prejudiced the result as to constitute an abuse of discretion. First, Krantz claimed that under the agreement he was entitled to a $25,000 bonus upon the sale of the building regardless of whether Fern did or did not make a profit. Second, Pales testified that he did not know who actually came into the office and placed the documentary stamps on the deed. Third, the implication of Pales' testimony was that although the stamps reflected a purchase price of $875,000, that figure may not have been the actual price. Last, we find that Pales' testimony, at the very least, was presented in rebuttal to Fern's counterclaim that he lost money on the sale because he was forced to sell the building as a result of *1146 Krantz's mismanagement and threats to quit.
Affirmed.