PER CURIAM.
The defendant Gregorio Gonzalez appeals from his conviction and sentence for second-degree murder. Gonzalez contends that he was denied a fair trial by an impartial jury because certain comments allegedly made by one of the jurors during the course of his trial demonstrated that the juror was not impartial and the trial court did not make a sufficient voir dire regarding the alleged misconduct. We agree and reverse and remand for a new trial.
Gonzalez’s defense to the charge of second-degree murder was insanity. At the conclusion of the trial, the alternate juror reported to the court that a member of the jury panel, Ms. Greenwood, had described the insanity defense as a “cop-out,” and had asked the alternate juror, “Did you bring your coffin nails today?” Thereafter, the trial court conducted a limited voir dire of Ms. Greenwood. The court told Ms. Greenwood that she was reported to have referred to the insanity defense as a “cop-out.” In response to the court’s implied question, Ms. Greenwood avoided answering directly, responding rather vaguely that the word “cop-out” was used by one of the attorneys and one of the potential witnesses. The court immediately dropped that line of questioning and thereafter never inquired whether Ms. Greenwood had made such a comment or whether she believed that the insanity defense was indeed a “cop-out.” The court did ask Ms. Greenwood whether she had any problem in following the law. She responded that she did not. See Weber v. State, 501 So.2d 1379 (Fla. 3d DCA 1987) (juror’s own assurance of ability to be impartial and fair not dispositive of question of juror’s impartiality).
The defendant argues, and we agree, that the limited voir dire was insufficient to satisfy the defendant’s right to a fair trial by an impartial jury. See Art. I, § 16, Fla. Const.; Fla.R.Crim.P. 3.251. While the trial court has substantial discretion in deciding how to respond to allegations of juror bias or misconduct,[1] United States v. Bradshaw, 787 F.2d 1385, 1389-90 (10th Cir.1986); Doyle v. State, 460 So.2d 353, 357 (Fla.1984), once it determined that an inquiry was necessary, the trial court abused its discretion in not questioning Ms. Greenwood about the comments she allegedly made. See United States v. Brantley, 733 F.2d 1429, 1439 (11th Cir.1984) (trial court abused its discretion in not inquiring further into allegation of extrinsic influence), cert. denied, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985); United States v. Ramsey, 726 F.2d 601, 604 (10th Cir. 1984) (when suggestion of juror bias is not frivolous, the court should make “an adequate inquiry” into whether the bias existed and whether it was prejudicial), cert. denied, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under circumstances such as these, the trial court’s inquiry was not adequate, and reversal is required. Therefore, we reverse and remand for a new trial.[2]
Reversed and remanded for new trial.

. The comments also amount to juror misconduct, as well as raise a question of bias, because the alleged comments were made prior to the jury’s deliberations. Thus, Ms. Greenwood would necessarily have violated the court’s preliminary instructions that until all the evidence has been heard jurors are not to form any definite or fixed opinions on the merits of the case and are not to discuss the case among themselves. Fla.Std. Jury Instr. (Crim.) 1.01.

. The defendant’s concern that the trial continue and the jury be allowed to deliberate is manifested by his willingness at trial to proceed *702 either with the alternate replacing the controversial juror or with a reduced jury of five.