PER CURIAM.
We are compelled to reverse the trial court’s order denying the Hendersons’ Motion for New Trial because of juror misconduct that was not remedied by the trial court.
The negligence alleged in this suit occurred in 1991 when Laketha Henderson, then a student at Miami Senior High School, claimed that she was sexually assaulted by a fellow student on school grounds. Laketha and her mother, Josephine Henderson, alleged that the Dade County School Board was negligent in its security procedures during the relevant time period — between the school’s day and evening class sessions. The School Board did not deny that the incident occurred, but characterized it as a consensual sexual encounter between Laketha and the young man involved. The jury apparently accepted the School Board’s version of events, finding no liability on the part of the School Board.
After the jury was sworn in and after opening statements had been presented, during a lunch recess, an assistant to the Hendersons’ counsel overheard part of a *550 conversation between two jurors. Although the entire conversation was not overheard, it was clear that the jurors had been discussing the case. One of the jurors said to the other (words to the effect of): “You can only tell them certain things ... They need to instruct the kids, and that’s about all they can do.” The jurors had earlier been specifically ordered by the judge, in her preliminary instructions to the jury, not to discuss the case and not to form or express opinions about the case until all the evidence had been presented. When the Hendersons’ counsel brought this incident to the attention of the trial court, the trial judge did not voir dire the two jurors in question, although her first reaction was to do so. The Hendersons’ counsel initially expressed concern about questioning the jurors, because of a perception that the jurors might resent the Hendersons if the jurors suspected that counsel had initiated the voir dire; shortly thereafter, however, the Hendersons’ counsel did ask the trial court to question the two jurors to determine what they had discussed, and to determine whether or not the discussion had tainted the jurors’ ability to fairly assess the case. The trial judge did not do so, but instead merely re-instructed the jury as a whole not to discuss the case. This was insufficient in light of the circumstances here.
This Court has previously held that a full -juror interview is necessary where comments are made by a juror during trial which indicate that the juror may have reached a decision before the close of the evidence. See Gonzalez v. State, 511 So.2d 700 (Fla. 3d DCA 1987). As we said in Gonzalez:
While the trial court has substantial discretion in deciding how to respond to allegations of juror bias or misconduct, once it has determined that an inquiry was necessary, the trial court abused its discretion in not questioning [the juror] about the comments she allegedly made.
Gonzalez, 511 So.2d at 701 (citations omitted). Gonzalez cited the Tenth Circuit case, United States v. Ramsey, 726 F.2d 601, 604 (10th Cir.1984), which stated that when an allegation of juror bias is not frivolous, the court should make “an adequate inquiry” into whether bias existed and whether it was prejudicial. Id. The trial court’s actions here were insufficient. Despite a clear indication that at least one juror had preconceptions regarding the case prejudicial to the plaintiffs’ position, and that the two jurors had discussed the case in violation of the court’s instructions, the trial court did not question these jurors at all. This was error and warrants a new trial. Therefore, we reverse and remand for a new trial.
 Since we reverse on the basis of the juror misconduct issue, we need not discuss the other points raised by the Hendersons. However, we believe a brief mention of these issues is.in order. As is now clear from the Florida Supreme Court’s Stellas v. Alamo Rent-A-Car decision, decided after the instant trial and quashing a decision of this Court, it is improper to include an intentional tortfea-sor on the verdict form along with the alleged negligent tortfeasor, as was done below. See Stellas v. Alamo Rent-A-Car, 702 So.2d 232 (Fla.1997). Finally, although we view the introduction of witness Kendra Moss’s videotaped deposition as proper because of statements during the deposition indicating that Moss planned to attend college out-of-state (thus explaining her non-availability), see Colonnades, Inc. v. Vance Baldwin, 318 So.2d 515 (Fla. 4th DCA 1975), the better course of action would be for the School Board to affirmatively show that it was unable to procure Moss’s attendance by subpoena. See Fla. R. Civ. P. 1.330.
Reversed and remanded.