WARNER, J.
 

 During deliberations in this criminal trial for lewd molestation by a father of his daughter, a juror sent out a note disclosing that she had a child who would be attending the same school as the victim, and she felt the matter was “too close to home.” Rather than conduct an inquiry, the court allowed the jury to continue to deliberate until it reached its verdict. We hold that the court erred in failing to conduct any inquiry and reverse for a new trial.
 

 The state charged appellant, George Roberts, with three counts of lewd and lascivious molestation and one count of lewd conduct arising out of appellant’s alleged sexual abuse of his older daughter. Roberts had rotating custody of his daughters with his ex-wife, and the alleged molestation occurred during her visits with him from October 2002 to October 2005. At trial the older daughter testified to various incidents of appellant’s sexual abuse of her. In addition to the older daughter’s testimony, the state put on similar fact evidence consisting of the testimony of her sister and her sister’s friend regarding incidents with the appellant. Both of appellant’s daughters testified that they were students in a particular middle school.
 

 Appellant took the stand in his own defense. He denied that he ever molested or inappropriately touched his daughters or the friend. He claimed that their accusations were part of a campaign against him. In addition to his denials, the defense called the examining nurse practitioner who testified that she found no physical evidence of sexual abuse, although she also stated that a lack of positive physical findings did not mean that the appellant did not improperly touch his children.
 

 The parties rested and the case proceeded to closing argument. After the court instructed the jury, the court told the jurors that, for those who did not bring their lunch, a deputy would take them to the cafeteria to get something to eat so that they could deliberate during lunch. The court then dismissed the alternate juror. On the way back from the cafeteria, juror Smith told the deputy that she would like to have a conversation with the judge. She did not give any indication as to what it was about. The deputy told her that he would relay it to the judge.
 

 Shortly after the jury began deliberating, the deputy brought the matter to the court’s attention and testified on the record regarding juror Smith’s request. The court instructed the deputy to stop the deliberations, bring out juror Smith, and have her write down any question on paper. Juror Smith then sent out a note which read: “I have a[sic] 11 year [old] son that will be attending [the same middle school that the victims attended] in August and feel this is to[o] close to home.” Defense counsel argued that the note spoke for itself and indicated that juror Smith could not be fair. Defense counsel also expressed concern that juror Smith could have “poisoned” the other jurors. He then moved for a mistrial, which the court denied. Counsel then argued that, at the very least, juror Smith and the other jurors needed to be questioned. However, the court denied the request to question any jurors, explaining that “[i]f
 
 *403
 
 they come back with a verdict of guilty we’ll question them.” The judge then stated that he was not going to respond to juror Smith’s note.
 

 After deliberations, the jury returned its verdict, finding appellant guilty of the first three counts but not guilty of the fourth count. Appellant subsequently filed a written motion for new trial, motion for mistrial and motion to interview jurors. After a hearing, the court denied the motions and sentenced appellant. From his convictions and sentences, appellant brings this appeal.
 

 Appellant contends that the trial court erred in denying his motion for mistrial, his motion to interview jurors, and, post-verdict, his motion for new trial, all premised on juror Smith’s note explaining her discomfort in being on the jury where her son would be at the same middle school as the appellant’s daughters, who were his accusers. Because the trial court failed to conduct any inquiry into the circumstances which certainly suggested juror bias, we reverse.
 

 The standard of review of a trial court’s ruling on a motion to interview jurors is abuse of discretion.
 
 Roland v. State,
 
 584 So.2d 68, 70 (Fla. 1st DCA 1991). Dealing with the conduct of jurors is also left to the sound discretion of the court.
 
 See Doyle v. State,
 
 460 So.2d 353, 356-57 (Fla.1984) (holding that the trial court did not abuse its discretion in deny ing a motion for mistrial and instead giving a curative cautionary instruction where an unidentified juror encountered defense counsel during a court recess following the state’s presentation of evidence and stated, “Good luck. You’re going to need it.”).
 

 When suggestion of juror bias is not frivolous, the court should make “an adequate inquiry” into whether the bias existed and whether it was prejudicial.
 
 Gonzalez v. State,
 
 511 So.2d 700, 701 (Fla. 3d DCA 1987) (citing
 
 United States v. Ramsey,
 
 726 F.2d 601, 604 (10th Cir.1984)). In
 
 Gonzalez,
 
 at the conclusion of the trial, the alternate juror reported to the court that a member of the jury panel, juror Greenwood, had described the insanity defense as a “cop-out” and had asked the alternate, “Did you bring your coffin nails today?” The alleged comments were made prior to the jury’s deliberations.
 
 Gonzalez,
 
 511 So.2d at 701 n. 1. The court conducted a limited voir dire of the juror, but the juror avoided answering directly as to whether she made the comments.
 
 Id.
 
 at 701. The court did not inquire further, except to ask her whether she had any problem in following the law, which she responded that she did not.
 
 Id.
 
 On appeal of the defendant’s convictions following the jury verdict, the Third District concluded that the defendant was denied a fair trial because the alleged comments demonstrated that the juror was not impartial and the trial court failed to make a sufficient voir dire regarding the alleged misconduct.
 
 Id.
 

 We apply the
 
 Gonzalez
 
 analysis to this case. Juror Smith’s note raised a suggestion of bias which at least demanded an “adequate inquiry” from the trial court. While the juror’s statement that she had an eleven-year-old child who attended the same middle school as the victim, and the case was “too close to home,” is amenable to various interpretations, it should not be viewed in a vacuum. A reasonable interpretation of juror Smith’s note was that she felt she could not remain impartial and judge the case based upon the evidence.
 
 Cf. McClain v. State,
 
 220 Ga.App. 474, 469 S.E.2d 756 (Ga.App.1996) (holding that trial court did not abuse its discretion in striking juror for cause where the juror stated that he was not comfortable with the case because “it hits too close to home”). She may have felt pressured
 
 *404
 
 knowing that her son would be at the same school as the appellant’s daughters, thus making it difficult for her to decide in favor of the appellant and have her son potentially face the daughters at school. The fact that she brought it upon herself to send the note to the trial judge suggests that she may have felt that she could no longer be a fair and impartial juror. We cannot know, because the trial court failed to conduct any inquiry whatsoever.
 

 The judge’s only reason for refusing to question juror Smith during trial was that the judge had already excused the alternate juror. We conclude that this constitutes an abuse of discretion to simply ignore a juror’s note which suggests that the juror is no longer fair and impartial. An inquiry was necessary.
 
 See Gonzalez,
 
 511 So.2d at 701;
 
 see also Henderson v. Dade Cnty. Sch. Bd.,
 
 734 So.2d 549, 550 (Fla. 3d DCA 1999) (“Despite a clear indication that at least one juror had preconceptions regarding the case prejudicial to the plaintiffs’ position, and that the two jurors had discussed the case in violation of the court’s instructions, the trial court did not question these jurors at all. This was error and warrants a new trial.”);
 
 cf. Hutchinson v. State,
 
 882 So.2d 943, 956-57 (Fla.2004) (explaining that the trial court “acted appropriately” by questioning jurors about their ability to be impartial following their exposure to an individual who commented that she hoped the jurors would “hang” the defendant),
 
 abrogated on other grounds by Deparvine v. State,
 
 995 So.2d 351 (Fla.2008).
 

 Juror Smith had informed the court and the parties in her jury questionnaire that she had an eleven-year-old child. Because she was not asked, she did not inform them that her son attended the same school as the daughters. She did not withhold any information and tried to let the judge know of her concern once she became aware of this connection. The juror revealed this information prior to the conclusion of the trial and deliberations. The trial judge should have conducted some inquiry to determine whether the juror could remain fair and impartial or may have tainted the remaining jury panel. We must reverse, because without inquiry into the juror’s reflections that she could not be fan* and impartial based upon this outside influence, the appellant’s right to a fair trial before an impartial jury is not protected.
 

 Because we reverse the conviction and sentence for a new trial, we feel it necessary to comment on the prosecutor’s closing argument, which was also raised by appellant as a ground for reversal. While some of the prosecutor’s remarks may have been a fair reply to defense counsel’s arguments, the prosecutor’s closing argument was replete with improper comments which offered her opinion as to appellant’s guilt, shifted the burden of proof, appealed to sympathy for the accuser, vouched for the accuser’s credibility, and invited the jury to base its verdict on which witness the jury thought was most credible. In short, the prosecutor’s closing argument reads like a checklist of nearly every form of improper argument under Florida case law. Were we not reversing for a new trial on the jury issue, we may have concluded that the argument was so flawed as to constitute fundamental error. The prosecutor should not repeat such improper argument in any retrial or chance a second reversal of any conviction.
 

 On the remaining issues raised by both the defense counsel and appellant’s later-filed pro se brief, we affirm.
 

 Reversed and remanded for a new trial.
 

 TAYLOR and CONNER, JJ., concur.